United States District Court
Southern District of Texas
**ENTERED**
August 26, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* GLEN JAMESON, | § § § | |
| Plaintiff, | § § | |
| V. | § § | 3:20-cv-172 |
| WBI ENERGY TRANSMISSION, INC., *et al.*, | § § § | |
| Defendants. | § § | |

### ORDER ADOPTING MAGISTRATE JUDGE'S
### MEMORANDUM AND RECOMMENDATION

On January 17, 2023, all non-dispositive pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 121. Judge Edison filed a memorandum and recommendation on July 22, 2024, recommending that the defendants' joint motion to dismiss (Dkt. 95) be granted. Dkt. 150.

On August 5, 2024, the plaintiff filed his objections to the memorandum and recommendation. Dkt. 151. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

Jameson seeks leave "to replead to further negate the [Judge Edison]'s position." Jameson asks to replead solely to correct a "faulty premise" that Jameson himself acknowledges is "irrelevant to [Judge Edison]'s analysis." *Id.* Jameson has already amended his complaint once, and could have amended it again after the defendants filed their motions to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). Because Jameson has not demonstrated how he "would replead scienter more specifically if given the opportunity, did not proffer a proposed second amended complaint to the district court, and did not suggest . . . any additional facts not initially pled that could, if necessary, cure the pleading defects raised by the defendants," his request for leave to replead is denied. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003).

It is therefore ordered that:

(1)     Judge Edison's memorandum and recommendation (Dkt. 150) is
        approved and adopted in its entirety as the holding of the court;
        and

(2)     the defendants' joint motion to dismiss (Dkt. 95) is granted.

SIGNED on Galveston Island this 26th day of August 2024.


                                    _____
                                    JEFFREY VINCENT BROWN
                                    UNITED STATES DISTRICT JUDGE